# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERNEST HARRIS, | ) Civil Action No. 2:14-cv-01080 |
| Plaintiff, | ) |
| v. | ) United States Magistrate Judge |
| | ) Cynthia Reed Eddy |
| ORLANDO HARPER, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Presently pending is Defendant's Motion to Dismiss, with brief in support (ECF No. 13). For the reasons that follow, the Motion will be granted.[1]

### Factual Background

Plaintiff, Ernest Harris, is a federal inmate presently confined at FCI Gilmer. Harris initiated this action on August 14, 2014, with the filing of a motion to proceed *in forma pauperis* and an accompanying complaint. (ECF No. 1). The motion to proceed *in forma pauperis* was granted (ECF No. 2), and the complaint was filed. (ECF No. 3). The original complaint remains the operative complaint. Orlando Harper, the Warden of Allegheny County Jail ("ACJ") is the sole defendant, who is identified only in the caption of the complaint. Harris' claim is based upon an assault by fellow inmates, which allegedly occurred on March 13, 2014, while Harris was confined at ACJ. The Complaint does not specify whether Plaintiff was a convicted inmate or a pretrial detainee at the time of the assault.

The Complaint is far from a model of clarity as it lacks specificity in its details. The Statement of the Claim is comprised of two sentences, *to wit*:

---

[1] The parties have consented to jurisdiction by the undersigned Magistrate Judge. *See* ECF Nos. 18 and 19.

1

> On 3-13-14 at 4:26 Pm I was jumped (assaulted) by several inmates inside my cell. Then I was jumped (assaulted) again by several inmates.

The Complaint states that "deliberate indifference" is the federal law that was violated. Plaintiff does not specifically mention the Civil Rights Act, 42 U.S.C. § 1983 in his Complaint, but nevertheless the Complaint appears to seek vindication of Plaintiff's federal constitutional rights. Because Plaintiff does not have a cause of action directly under the Constitution, the Court will construe the Complaint as one invoking the Court's jurisdiction pursuant to Section 1983. *Kaucher v. Cnty of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006) (citing *Baker v. McCollan*, 443 U.S. 137, 145 n.3 (1979).

**Standard Of Review**

1. *Pro Se Litigants*

Pro se pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner,* 404 U.S. 519, 520–521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or the litigant's unfamiliarity with pleading requirements. *Boag v. MacDougall*, 454 U.S. 364 (1982); *United States ex rel. Montgomery v. Bierley,* 141 F.2d 552, 555 (3d Cir.1969) (petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance").

In a § 1983 action, the court must liberally construe the pro se litigant's pleadings and "apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name." *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (quoting *Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 247–48 (3d Cir. 1999)). *See also Nami v. Fauver,* 82 F.3d 63, 65 (3d Cir. 1996)

2

("Since this is a § 1983 action, the [pro se] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution.") (quoting *Higgins,* 293 F.3d at 688). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. *Gibbs v. Roman,* 116 F.3d 83 (3d Cir. 1997). *See, e.g., Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir.1996) (discussing Fed.R.Civ.P. 12(b)(6) standard); *Markowitz v. Northeast Land Co.,* 906 F.2d 100, 103 (3d Cir. 1990) (same). Notwithstanding this liberality, pro se litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. *See, e.g., Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378, (5th Cir. 2002).

      2.    <u>*Motion to Dismiss Pursuant to Rule 12(b)(6) - The Legal Standard*</u>

A motion to dismiss pursuant to Rule 12(b)(6) challenges the legal sufficiently of the complaint. When reviewing a motion to dismiss, the Court must accept all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff. *Burtch v. Milberg Factors, Inc.,* 62 F.3d 212, 220 (3d Cir. 2011), *cert. denied*, -- U.S. --, 131 S. Ct. 1861 (2012) (citing *In re Ins. Brokerage Antitrust Litig.,* 618 F.3d 300, 314 (3d Cir. 2010)). However, as the Supreme Court of the United States made clear in *Bell Atlantic Corp. v. Twombly,* such "[f]actual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. 554, 555 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that, while the Complaint need not contain detailed factual allegations, it must contain more than a "formulaic recitation of the elements" of a constitutional claim and must state a claim that is plausible on its face) (quoting *Twombly*, and providing further guidance on the standard set forth therein).

To determine the legal sufficiency of a complaint after *Twombly* and *Iqbal,* the United States Court of Appeals for the Third Circuit instructs that a district court must conduct a three-step analysis when considering a motion to dismiss for failure to state a claim. *Santiago v. Warminster Twp.,* 629 F.3d 121, 130 n.7 (3d Cir. 2010) (noting that although *Iqbal* describes the process as a "two-pronged approach," it views the case as outlining three steps) (citing *Iqbal*, 556 U.S. at 675). First, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* at 130 (quoting *Iqbal,* 556 U.S. at 675) (alteration in original). Second, the court "should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal,* 556 U.S. at 679). Third, "'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'" *Id.* (quoting *Iqbal,* 556 U.S. at 679).

Courts generally consider the allegations of the complaint, attached exhibits, and matters of public record in deciding motions to dismiss. *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.,* 998 F.2d 1192, 1196 (3d Cir. 1993). Factual allegations within documents described or identified in the complaint also may be considered if the plaintiff's claims are based upon those documents. *Id.* (citations omitted). In addition, a district court may consider indisputably authentic documents without converting a motion to dismiss into a motion for summary judgment. *Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004); *Lum v. Bank of America*, 361 F.3d 217, 222 (3d Cir. 2004) (in resolving a motion to dismiss pursuant to Rule 12(b)(6), a court generally should consider "the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim.").

Moreover, the United States Court of Appeals for the Third Circuit has held that, in civil rights cases, a court must give a plaintiff the opportunity to amend a deficient complaint -

regardless of whether the plaintiff requests to do so - when dismissing a case for failure to state a claim, unless doing so would be inequitable or futile. *See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.,* 482 F.3d 247, 251 (3d Cir. 2007).

**Discussion**

A.   <u>Individual Capacity</u>

In a § 1983 civil rights action, the plaintiff must prove the following two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and that the conduct complained of deprived the plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F.3d 176, 184 (3d Cir.1993).

Additionally, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim. *See Rizzo v. Goode,* 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077 (3d Cir. 1976). Claims brought under § 1983 cannot be premised on a theory of respondeat superior. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) As explained in *Rode*:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

*Rode*, 845 F.2d at 1207.  The Court notes that Harris fails to adequately establish the personal involvement of Defendant Harper in his complaint. In fact, Harris fails to even reference Defendant Harper in his complaint. Specifically, while Defendant Harper is named in the caption of Plaintiff's original complaint, he is not listed or mentioned in the body of the complaint.

Plaintiff has not alleged any facts to show that specific acts or omissions by Warden Harper caused or had anything to do with the assault on Harris by another inmate.

Additionally, Harris has not alleged that Defendant Harper personally established and / or maintained any policy or procedure, which deprived Harris of his constitutional rights. *See Barkes v. First Correctional Medical, Inc.*, 766 F.3d 307, 316 (3d Cir. 2014).

As a result, the complaint does not contain facts setting forth a plausible claim that Defendant Harper can be held liable in any personal or supervisory role for any alleged violation of Harris' constitutional rights. *See Iqbal*, 556 U.S. at 678-79.

B.     Official Capacity

It is not clear from the complaint whether Plaintiff has named Defendant Warden in both his individual and official capacities as Warden of ACJ. Assuming *arguendo* Defendant Warden has also been sued in his official capacity, such claim fails.

"Suits against municipal employees in their official capacities are 'treated as claims against the municipal entities that employ these individuals'." *Lakits v. York*, 258 F. Supp.2d 401, 405 (E.D.Pa. 2003) (quoting *Smith v. Sch. Dist. of Phila.*, 112 F. Supp.2d 417, 425 (E.D.Pa. 2000.)) "This is because, in a suit against a municipal official in his official capacity, the real party in interest is the municipal entity and not the named official." *Id.* (citations omitted). Thus, "[w]here a suit is brought against a public officer in his official capacity, the suit is treated as if the suit were brought against the governmental entity of which he is an officer." *Mitros v. Cooke*, 170 F. Supp.2d 504, 506 (E.D.Pa. 2001) (citation omitted).

The complaint does not allege that an Allegheny County policy or custom caused a violation of Harris' rights. The Complaint does not allege that Allegheny County, through

Defendant Harper in his official capacity, and through some official policy or custom, endangered or harmed Harris in any fashion.

Accordingly, the Court finds that the complaint fails to state a plausible policy-or-custom claim. *See Monell v. Dep't of Soc. Serv. of City of New York*, 436 U.S. 658, 690-91 (1978); *Iqbal*, 556 U.S. at 678-79.

**Futility**

If a civil rights complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile. *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007). A district court must provide the plaintiff with this opportunity even if the plaintiff does not seek leave to amend. *Id.*

Given that the Court has already provided Plaintiff with an opportunity to amend, (*see* ECF No. 14), the Court is not required to provide him with further leave to amend as further amendment would be futile. *Shelley v. Patrick*, 481 F. App'x 34, 36 (3d Cir. 2012). Accordingly, the Court will not grant Plaintiff leave to amend as it would be futile.

**Conclusion**

For the reasons stated above, the Motion to Dismiss filed by Defendant Orlando Harper (ECF Nos. 13) will be granted.

**AND NOW**, this 14th day of May, 2015:

It is hereby **ORDERED** that Defendant's Motion to Dismiss is **GRANTED** in its entirety for failure to state a claim and Plaintiff's claims are dismissed with prejudice as a matter of law.

**IT IS FURTHER ORDERED** that the Clerk of Court mark this case **CLOSED**.

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Plaintiff has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

/s Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge


cc: ERNEST HARRIS
07325-068
FCI Gilmer
PO Box 6000
Glenville, WV 26351
(via U.S. First Class Mail)

Paul R. Dachille
Allegheny County Law Department
(via ECF electronic notification)